UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **OVIDIO SANDOVAL** and **JAIME RAMIREZ,** individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>**BELLMORE GARDENS, INC.** d/b/a **ISLAND GREENERY** and **GENE JUDD,**<br><br>Defendants. | Case No. |

**COLLECTIVE AND CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiffs, **OVIDIO SANDOVAL** and **JAIME RAMIREZ** (hereinafter referred to as "Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys, **BROWN LLC**, hereby bring this Collective and Class Action Complaint against Defendant, **BELLMORE GARDENS, INC. d/b/a ISLAND GREENERY** and **GENE JUDD** (hereinafter referred to as "Defendants"), allege of their own knowledge and conduct and upon information and belief as to all other matters, as follows:

**INTRODUCTION**

1. Plaintiffs bring this action, individually and as a collective action on behalf of all others similarly situated, to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendants' willful violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.* and attendant regulations at 29 C.F.R. § 516 *et seq.*

2. Plaintiffs also bring this action, individually and as a Rule 23 class action on behalf of all others similarly situated to recover unpaid overtime wages, liquidated damages, pre-judgment interest, and reasonable attorneys' fees and costs as a result of Defendants'

violation of the New York Labor Law, §§ 650 *et seq.* and 190 *et seq.* and 12 NYCRR § 142-1.1 *et seq.* (collectively the "NYLL").

3. Plaintiffs and the putative FLSA collective and Rule 23 class members were employed by Defendants as manual labor workers whose primary job duties do not fall within any exemptions from overtime under the FLSA and NYLL.

4. The FLSA and NYLL require non-exempt employees to be compensated for overtime at a rate not less than one and one-half (1.5) times the regular rate of pay pursuant to 29 U.S.C. § 207(a)(1) and 12 NYCRR § 142-2.2.

5. Defendants paid the manual labor workers on a day rate basis.

6. Defendants required the manual labor workers to regularly work over forty (40) hours per week.

7. Defendants failed to pay the manual labor workers overtime compensation at a rate not less than one and one-half (1.5) times the regular rate of pay for all hours worked in excess of forty (40) in a workweek.

8. Plaintiffs assert the FLSA claims on behalf of the following putative FLSA collective pursuant to 29 U.S.C. § 216(b):

> *All individuals employed by Defendants as manual labor workers at any time from 3 years prior to the filing of this Complaint through the date of judgment.*

9. Plaintiffs seek to send a Notice pursuant to 29 U.S.C. § 216(b) to all manual labor workers of Defendants permitting them to assert FLSA claims in this collective action by filing their individual consent forms.

10. Plaintiffs assert the NYLL claims on behalf of the following putative NYLL class pursuant to Fed. R. Civ. P. 23:

> *All individuals employed by Defendants as manual labor workers in the State of*

*New York at any time from six (6) years prior to the filing of this Complaint through the date of judgment.*

11. For at least six (6) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed widespread violations of the above-described statutes and corresponding regulations, in the manner described herein.

## JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' claims raise a federal question under 29 U.S.C. § 201 *et seq.*

13. The Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367 because those claims derive from a common nucleus of operative facts as Plaintiffs' federal claims.

14. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants employed Plaintiffs in this district and because a substantial portion of the events that give rise to the Plaintiffs' claims occurred in this district.

## PARTIES

**Defendants**

15. According to its website (http://www.islandgreenery.net/), Defendant Bellmore Gardens, Inc. d/b/a Island Greenery ("Bellmore Gardens"), is a company headquartered in New York with a principal business address located at 2036 Bellmore Avenue, Bellmore, New York, 11710.

16. Bellmore Gardens provides landscaping and lawn maintenance services in Long Island.

17. According to the NYS Department of State website, Bellmore Gardens' DOS

Process address is: Bellmore Gardens, Inc., 2036 Bellmore Avenue, Bellmore, New York 11710.[1]

18. Defendant Gene Judd ("Judd) is the owner and shareholder of Bellmore Gardens.

19. According to the NYS Department of State website, Judd is the Chief Executive Officer and Principal Executive Office of Bellmore Gardens. ***Exhibit A.***

20. Judd is personally involved in the daily operation of Bellmore Gardens.

21. Judd is personally involved in the daily management of the staff including managers, supervisors and manual labor workers employed by Bellmore Gardens.

22. Judd has personally determined the compensation policies and work schedules, duties and conditions applicable to the manual labor workers employed by Bellmore Gardens.

23. Judd possessed and exercised the authority to hire and fire the manual labor workers of Bellmore Gardens.

**Plaintiffs**

24. Plaintiff Ovidio Sandoval ("Sandoval ") is a resident of Nassau County, New York.

25. Plaintiff Sandoval was employed by Defendants as a manual labor worker from approximately 2011 through December 2018.

26. Plaintiff Jaime Ramirez ("Ramirez ") is a resident of Nassau County, New York.

27. Plaintiff Ramirez was employed by Defendants as a manual labor worker from approximately April 2018 to October 2018.

28. Plaintiffs signed consent forms to join this lawsuit, which are attached as ***Exhibit B***.

---

[1] Attached as ***Exhibit A*** is a true and correct copy of the entity information of the Defendant Bellmore Gardens, Inc. retrieved from the NYS Department of State website (https://appext20.dos.ny.gov/corp_public/CORPSEARCH.ENTITY_SEARCH_ENTRY) on March 11, 2019.

## FACTUAL ALLEGATIONS

29. Defendants are "employers" under 29 U.S.C. § 203(d) of the FLSA and N.Y. Labor Law §§ 190(3), 651(6).

30. Plaintiffs are former "employees" of Defendants within the meaning of 29 U.S.C. § 203(e)(1) and N.Y. Labor Law §§ 190(2), 651(5).

31. Defendants have operated and controlled an enterprise engaged in commerce as defined under the FLSA.

32. Defendants have engaged in ordinary commercial activities within the meaning of the FLSA that result in sales made or business done.

33. Defendants' annual gross revenues were in excess of $500,000 per annum.

34. Defendants have two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

35. Defendants "suffered or permitted" Plaintiffs and other manual labor workers to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

36. Defendants, directly or indirectly, hired Plaintiffs and other manual labor workers and determined the rate and method of the payment of their wages.

37. Defendants controlled the work schedules, duties, protocols, applications, assignments and conditions of employment of Plaintiffs and other manual labor workers.

38. The manual labor workers including Plaintiffs performed primary job duties that do not fall within any exemptions from overtime under the FLSA and NYLL.

39. Defendants paid the manual labor workers on a day rate basis.

40. Defendants required the manual labor workers to regularly work over forty (40) hours per week.

41. The CFR provides that "[i]f the employee is paid a flat sum for a day's work …, his regular rate is determined by totaling all the sums received at such day rates or job rates in the workweek and dividing by the total hours actually worked. He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek." 29 CFR 778.112.

42. Defendants failed to pay the manual labor workers overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours per week, in violation of the FLSA and NYLL.

43. Plaintiff Sandoval worked approximately 9 months (March 15th to December 15th) per year for Defendants from 2011 to 2018.

44. Plaintiff Sandoval regularly worked six days or five days in a workweek.

45. Plaintiff Sandoval regularly worked approximately ten hours (7 a.m. to 5 p.m.) on a workday.

46. Plaintiff Sandoval regularly worked over forty hours per workweek.

47. From approximately 2011 through 2013, Defendants paid Plaintiff Sandoval a day rate of approximately $100 a day for ten hours of work.

48. From approximately 2014 through 2017, Defendants paid Plaintiff Sandoval a day rate of approximately $120 a day for ten hours of work.

49. In 2018 Defendants paid Plaintiff Sandoval a day rate of approximately $140 a day for ten hours of work.

50. Defendants paid Plaintiff Sandoval in cash.

51. Defendants never provided Plaintiff Sandoval with any wage notice, in violation of NYLL § 195(1)(a) (wage notice requirement).

52. Defendants never provided Plaintiff Sandoval with any wage statement, in violation of NYLL § 195(3) (wage statement requirement).

53. Defendants failed to pay Plaintiff Sandoval overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours per week, in violation of the FLSA and NYLL.

54. Plaintiff Ramirez regularly worked six days in a workweek.

55. Plaintiff Ramirez regularly worked approximately ten hours (7 a.m. to 5 p.m.) on a workday.

56. Plaintiff Ramirez regularly worked over forty hours per workweek.

57. From approximately April 2018 to October 2018, Defendants paid Plaintiff Ramirez a day rate of approximately $130 a day for ten hours of work.

58. Defendants paid Plaintiff Ramirez in cash.

59. Defendants never provided Plaintiff Ramirez with any wage notice, in violation of NYLL § 195(1)(a) (wage notice requirement).

60. Defendants never provided Plaintiff Ramirez with any wage statement, in violation of NYLL § 195(3) (wage statement requirement).

61. Defendants failed to pay Plaintiff Ramirez overtime compensation at a rate of not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of forty (40) hours per week, in violation of the FLSA and NYLL.

62. For example, for the workweek of May 21, 2018, Plaintiff Sandoval worked six days, approximately ten (10) hours a day, and over forty (40) hours a week; and Defendants paid him a day rate of $140, that is, $840 a week, without overtime pay at a rate of time-and-a-half (1.5) of the regular rate of pay for all hours worked in excess of forty (40).

63. For example, for the workweek of August 27, 2018, Plaintiff Ramirez worked six days, approximately ten (10) hours a day, and over forty (40) hours a week; and Defendants paid him a day rate of $130, that is, $780 a week, without overtime pay at a rate of time-and-a-half (1.5) of the regular rate of pay for all hours worked in excess of forty (40).

64. At all relevant times alleged herein, Plaintiffs and the putative FLSA collective and Rule 23 class members have been subjected to the common pay policy and practice of Defendants as stated herein that violated the FLSA and NYLL.

65. At all relevant times alleged herein, Defendants has, directly or indirectly, hired Plaintiffs and the putative FLSA collective and Rule 23 class members; has controlled their work schedules and conditions of employment; and determined the rate and method of the payment of wages.

66. At all relevant times alleged herein, Defendants have maintained control, oversight, and direction over Plaintiffs and the putative FLSA collective and Rule 23 class members, including the promulgation and enforcement of policies affecting the payment of their wages including overtime compensation.

67. Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith, or in conformity with or in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the state and/or U.S. Department of Labor and/or any state department of labor, or any administrative practice or enforcement practice or enforcement policy of such departments.

68. Defendants knowingly, willfully, and/or with reckless disregard carried out its illegal pattern or practice regarding its failure to pay Plaintiffs proper overtime compensation. As set forth herein, other prior and current FLSA collective and Rule 23 class members were

subjected to the same wrongful policies, practices, and/or procedures.

## COLLECTIVE ACTION ALLEGATIONS

69. Plaintiffs re-allege and incorporate all previous paragraphs herein.

70. Plaintiffs bring this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all manual labor workers who have been affected by Defendants' common unlawful policies and practices which include failure to pay overtime compensation, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516 *et seq*.

71. Plaintiffs bring this collective action pursuant to 29 U.S.C. § 216(b) of the FLSA on behalf of:

> *All individuals employed by Defendants as manual labor workers at any time from 3 years prior to the filing of this Complaint through the date of judgment.*

Plaintiffs reserve the right to amend this definition as necessary.

72. Plaintiffs bring this collective action against Defendants to recover unpaid overtime compensation, liquidated damages, and reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

73. The collective action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

74. Plaintiffs seek to send Notice to all manual labor workers of Defendants permitting them to assert FLSA claims in this collective action by filing their individual consent forms, as provided by 29 U.S.C. § 216(b) and supporting case law.

75. With respect to the claims set herein, a collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiffs under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiffs bring this collective action

are similarly situated because: (a) they have been or are performing the same or similar job duties as one another on behalf of Defendants; (b) they were or are subject to the same or similar unlawful practices, policy, or plan; and (c) their claims are based upon the same factual and legal theories.

76. Plaintiffs anticipate that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

77. Plaintiffs and the putative FLSA collective members demand a trial by jury.

## RULE 23 CLASS ACTION ALLEGATIONS

78. Plaintiffs re-allege and incorporate all previous paragraphs herein.

79. Plaintiffs additionally seek to maintain this action as an opt-out class action, pursuant to the Fed. R. Civ. P. 23 on behalf of all manual labor workers who have been affected by Defendants' common unlawful policies and practices which include failure to pay overtime compensation, failure to provide wage notice and failure to provide wage statements, in violation of the New York Labor Law §§ 650 *et seq.* and 190 *et seq.* and 12 NYCRR § 142-1.1 *et seq.*

80. Plaintiffs bring this Rule 23 class action on behalf of:

> *All individuals employed by Defendants as manual labor workers in the State of New York at any time from six (6) years prior to the filing of this Complaint through the date of judgment.*

Plaintiffs reserve the right to amend this definition as necessary.

81. The members of the Rule 23 class are so numerous that joinder of all class members in this case would be impractical. The Rule 23 class members should be easy to

10

identify from Defendants' payroll and personnel records.

82. There is a well-defined community of interest among the class members and common questions of law and fact predominate in this action over any questions affecting each individual class member. These common legal and factual questions, include, but are not limited to, the following:

> a. Whether the class members worked more than forty (40) hours in any single workweek;
>
> b. Whether the class members were compensated overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) per week;
>
> c. Whether Defendants provided the class members with wage notice; and
>
> d. Whether Defendants provided the class members with wage statements.

83. Plaintiffs' claims are typical of those of the class members in that they and all other class members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. All of the class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation, failing to provide wage notice and failing to provide wage statements. Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for the same violations and separate litigation would cause a risk of inconsistent results.

84. Plaintiffs were employed by Defendants in the same capacity as all of the class members. All class members were treated the same or similarly by management with respect to pay or lack thereof. This treatment included, but was not limited to, failure to pay proper overtime wages and failure to compensate employees in accordance with the statutorily prescribed overtime wages. Thus, there are common questions of law and fact

which are applicable to each and every one of the class members.

85. Plaintiffs will fully and adequately protect the interests of the class members and have retained counsel who are qualified and experienced in the prosecution of nationwide wage and hour class actions. Plaintiffs and their counsel do not have interests that are contrary to, or conflicting with, the interests of the class members.

86. Defendants' corporate-wide policies and practices affected all class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each class member. Plaintiffs' claims arise from the same legal theories as all other class members. Therefore, this case will be more manageable and efficient as a class action. Plaintiffs and their counsel know of no unusual difficulties in this case.

COUNT I
**(29 U.S.C. § 216(b) Individual Claims)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**FAILURE TO PAY OVERTIME**

87. Plaintiffs re-allege and incorporate all previous paragraphs herein.

88. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

89. Plaintiffs performed primary job duties that do not fall within any exemptions from overtime under the FLSA.

90. The CFR provides that "[i]f the employee is paid a flat sum for a day's work …, his regular rate is determined by totaling all the sums received at such day rates or job rates in

12

the workweek and dividing by the total hours actually worked. He is then entitled to extra half-time pay at this rate for all hours worked in excess of 40 in the workweek." 29 CFR 778.112.

91. Defendants paid Plaintiffs on a day rate basis.

92. Plaintiffs regularly worked in excess of forty (40) hours per workweek.

93. Defendants failed to pay Plaintiffs the federally mandated overtime compensation at a rate not less than time-and-a-half (1.5) of the regular rate of pay for worked hours in excess of forty (40) per week.

94. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

95. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

96. As a result of Defendants' uniform policies and practices described above, Plaintiffs were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT II**
**(29 U.S.C. § 216(b) Collective Action)**
**Violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.**
**FAILURE TO PAY OVERTIME**

97. Plaintiffs re-allege and incorporate all previous paragraphs herein.

98. Plaintiffs and the FLSA collective members performed primary job duties that do not fall within any exemptions from overtime under the FLSA.

99. Defendants paid Plaintiffs and the FLSA collective members on a day rate basis.

13

100. Plaintiffs and the FLSA collective members regularly worked in excess of forty (40) hours per workweek.

101. Defendants failed to pay Plaintiffs and the FLSA collective members the federally mandated overtime compensation at a rate not less than time-and-a-half (1.5) of the regular rate of pay for worked hours in excess of forty (40) per week.

102. Defendants' conduct and practices, described herein, were willful, intentional, unreasonably, arbitrary, and in bad faith.

103. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation pursuant to 29 U.S.C. § 255(a).

104. As a result of Defendants' uniform policies and practices described above, Plaintiffs and the FLSA collective members were illegally deprived of overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

**COUNT III**
**(Violation of the New York Labor Law – Individual Claims)**
<u>**FAILURE TO PAY OVERTIME**</u>
<u>**FAILURE TO PROVIDE WAGE NTOICE**</u>
<u>**FAILURE TO PROVIDE WAGE STATEMENTS**</u>

105. Plaintiffs re-allege and incorporate all previous paragraphs herein.

106. Defendants employed Plaintiffs within the meaning of the NYLL.

107. Plaintiffs performed primary job duties that do not fall within any exemptions from overtime under the NYLL.

108. Defendants paid Plaintiffs on a day rate basis.

109. Plaintiffs regularly worked in excess of forty (40) hours per workweek.

110. Defendants failed to pay Plaintiffs the state mandated minimum wage as well overtime compensation at a rate not less than time-and-a-half (1.5) of the regular rate of pay for worked hours in excess of forty (40) per week.

111. The NYLL requires that an employer "provide [the] employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of this notice, which the employer shall preserve and maintain for six years."  NYLL § 195(1)(a).

112. "If any employee is not provided within ten business days of his or her first day of employment a notice as required by [NYLL § 195(1)(a)], he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees." NYLL § 198(1-b).

113. The NYLL also requires that an employer "furnish each employee with a

15

statement with every payment of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."   NYLL § 195(3).

114.   "If any employee is not provided a statement or statements as required by [NYLL § 195(3)], he or she shall recover in a civil action damages of two hundred fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees."   NYLL § 198(1-d).

115.   Defendants failed to provide Plaintiffs with any wage notice.

116.   Defendants failed to provide Plaintiffs with any wage statements.

117.   Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

118.   As a result of the foregoing, Plaintiffs were illegally denied proper overtime compensation, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid wages, liquidated damages, statutory damages, pre-judgment interests and reasonable attorneys' fees and costs pursuant to NYLL.

## COUNT IV
### (Violations of the New York Labor Law – Fed R. Civ. P. 23 Class Action)
### <u>FAILURE TO PAY OVERTIME</u>
### <u>FAILURE TO PROVIDE WAGE NTOICE</u>
### <u>FAILURE TO PROVIDE WAGE STATEMENTS</u>

119. Plaintiffs re-allege and incorporate all previous paragraphs herein.

120. Defendants employed Plaintiffs and Rule 23 class members within the meaning of the NYLL.

121. Plaintiffs and the class members performed primary job duties that do not fall within any exemptions from overtime under the NYLL.

122. Defendants paid Plaintiffs and the class members on a day rate basis.

123. Plaintiffs and the class members regularly worked in excess of forty (40) hours per workweek.

124. Defendants failed to pay Plaintiffs and the class members overtime compensation at a rate not less than time-and-a-half (1.5) of the regular rate of pay for worked hours in excess of forty (40) per week.

125. Defendants failed to provide Plaintiffs and the class members with any wage notice.

126. Defendants failed to provided Plaintiffs and the class members with any wage statements.

127. Defendants' conduct and practices, described herein, were/are willful, intentional, unreasonable, arbitrary and in bad faith.

128. As a result of the foregoing, Plaintiffs and the class members were illegally denied proper overtime compensation, in such amounts to be determined at trial, and are entitled to recovery of such total unpaid wages, liquidated damages, statutory damages, pre-judgment

interests and reasonable attorneys' fees and costs pursuant to NYLL.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief against Defendants, and each of them, individually, jointly and severally:

(A) A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(B) A declaratory judgment that Defendants' wage practices alleged herein violate the overtime provisions of the New York Labor Law, N.Y. Lab. Law §§ 650 *et seq.* and 190, *et seq.* and 12 NYCRR § 142-1.1 *et seq.*;

(C) An Order for injunctive relief ordering Defendants to comply with the FLSA and NYLL and end all of the illegal wage practices alleged herein;

(D) Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein;

(E) Certifying this action as a class action pursuant to Fed R. Civ. P. 23 with respect to the NYLL claims set forth herein;

(F) Ordering Defendants to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA collective and Rule 23 class members;

(G) Authorizing Plaintiffs' counsel to send notice(s) of this action to all FLSA collective and Rule 23 class members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA collective members of their rights by law to join and

participate in this lawsuit;

(H)   Designating Lead Plaintiffs as the representatives of the FLSA collective and Rule 23 class in this action;

(I)   Designating the undersigned counsel as counsel for the FLSA collective and Rule 23 class in this action;

(J)   Judgment for damages for all unpaid overtime compensation and liquidated damages to which Plaintiffs and the FLSA collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516, *et seq.*;

(K)   Judgment for damages for all unpaid overtime compensation, liquidated damages and pre-judgment interest to which Plaintiffs and the Rule 23 class members are lawfully entitled under the New York Labor Law, N.Y. Lab. Law §§ 650 *et seq.* and 190, *et seq.* and 12 NYCRR § 142-1.1, *et seq.*;

(L)   Judgement for statutory damages for failing to provide wage notice and wage statements under NYLL §§ 198(1-b) and (1-d);

(M)   An incentive award for the Lead Plaintiffs for serving as representatives of the FLSA collective and Rule 23 class in this action;

(N)   Awarding reasonable attorneys' fees and costs incurred by Plaintiffs in this action as provided by the FLSA and NYLL; and

(O)   Judgment for any and all civil penalties to which Plaintiffs and the FLSA collective and Rule 23 class members may be entitled; and

(P)   Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Plaintiffs, Ovidio Sandoval and Jaime Ramirez, individually and on behalf of all other

19

FLSA collective and Rule 23 class members, by and through their attorneys, hereby demand a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above entitled claims.

Dated: March 11, 2019 RESPECTFULLY SUBMITTED,

/s/ *Jason T. Brown*
Jason T. Brown
Ching-Yuan ("Tony") Teng
**BROWN, LLC**
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
tonyteng@jtblawgroup.com

*Attorneys for Plaintiffs*